**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

LIQUID LIQUID PUBLISHING, a New York
general partnership, SALVATORE
PRINCIPATO, SCOTT HARTLEY,
RICHARD MCGUIRE, and DENNIS
YOUNG p/k/a LIQUID LIQUID,

                      Plaintiffs,

          v.

HASTINGS, CLAYTON & TUCKER, INC.
d/b/a STILETTO ENTERTAINMENT,

                    Defendant.

**Civil Action No.:** 1:17-cv-6177

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**

Plaintiffs Salvatore Principato, Scott Hartley, Richard McGuire, Dennis Young,

and Liquid Liquid Publishing (collectively "Liquid Liquid"), by and through their undersigned

attorney, for their complaint against Defendant Stiletto Entertainment ("Defendant" or

"Stiletto"), upon information and belief, hereby allege the following:

**NATURE OF THIS ACTION**

1.       Liquid Liquid is a venerable New York City-based band known for its role

in the No Wave musical movement during the late 1970s and early 1980s.  The band had several

hits, the most famous of which was titled "Cavern."  In 1997, Liquid Liquid gave a master

license (the "Master License") for several, but not all, of its previous recordings to Grand Royal

Records (collectively, the "Protected Works").  The license required Grand Royal to pay a

running royalty to the band members based on net sales.  Grand Royal subsequently went

bankrupt and the Master License was assigned to California-based cruise ship entertainment

producer Stiletto Entertainment.  But while Stiletto granted rights to various buyers to use Liquid

Liquid's master recordings, it never paid Liquid Liquid any royalties.  Stiletto also purported to

grant rights not available under the Master License, such as synchronization licenses and licenses

for use of the Works outside of the United States and Canada.  Liquid Liquid now brings this

action for copyright infringement and breach of contract against Stiletto.

## JURISDICTION AND VENUE

2.      This is an action for, *inter alia*, copyright infringement to recover damages

and for injunctive relief for the injuries sustained by Liquid Liquid resulting from Stiletto's

continuous and willful violations of the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

(hereinafter, "the Copyright Act").

3.      This Court has subject matter jurisdiction over this action pursuant to the

Copyright Act, 17 U.S.C. § 101 *et seq.*, 28 U.S.C § 1331, and § 1338(a).

4.      This Court has personal jurisdiction over Stiletto because, upon

information and belief, Stiletto conducts systemic and continuous business in this District.

5.      Venue is proper in the United States District Court for the Southern

District of New York pursuant to 28 U.S.C §§ 1391 and/or 1400(a).  Upon information and

belief, Stiletto may be found in this district and/or has principal places of business in this district

and/or a substantial part of the acts of infringement complained of herein occurs or has occurred

in this district.

## PARTIES

6.      Plaintiff Liquid Liquid Publishing is a New York general partnership with

a principal place of business in New York, New York.

7.     Plaintiff Salvatore Principato is a natural person residing in New York, New York.

8.     Plaintiff Scott Hartley is a natural person residing in New York, New York.

9.     Plaintiff Richard McGuire is a natural person residing in New York, New York.

10.    Plaintiff Dennis Young is a natural person residing in New Jersey.

11.    Liquid Liquid are the original composers and owners of the copyrighted musical works titled:  "Optimo," "Cavern," "Scraper," "Out," "Lock Groove (In)," "Lock Groove (Out)," "Push," "Zero Leg," "Eyes Sharp," "GroupMeGroup," "New Walk," "Lub Dupe," Hell Head," and "RubberMiro."

12.    Attached hereto as Exhibit 1 is a copy of the certificates of registration for: (1) Liquid Liquid's copyrighted musical work titled *Optimo*, which contains the tracks "Optimo," "Cavern," "Scraper," and "Out," and which bears United States copyright registration number SR778-910; (2) Liquid Liquid's copyrighted musical work titled *Successive Reflexes*, which contains the tracks "Lock Groove (In)," "Lock Groove (Out)," "Push," "Zero Leg,"  and "Eyes Sharp,"  and which bears United States copyright registration number SR771-878; (3) Liquid Liquid's copyrighted musical work titled *Liquid Liquid*, which contains the tracks "GroupMeGroup," "New Walk," "Lub Dupe," "Bell Head," and "RubberMiro," and which bears United States copyright registration number SR778-661.

13.    Upon information and belief, Defendant is a Nevada corporation with a principle place of business in Inglewood, California.  Upon information and belief, Stiletto does

business in this District and is engaged in the production, manufacture, and distribution of musical recordings and performances in North America.

## BACKGROUND

14.     Liquid Liquid is comprised of Sal Principato, Scott Hartley, Richard McGuire, and Dennis Young.  The band started their career in the 1980s in the New York City No Wave downtown scene playing a style of music that blended funk, dub reggae, Afrobeat, and punk rock.  They have recorded and produced several EPs, which were later re-issued as a compilation in 1997.

15.     Liquid Liquid have composed numerous musical works and have registered the copyright in several of those works with the United States Copyright Office. Liquid Liquid derives a portion of their income from the sale, distribution, and licensing of their copyrighted musical works.

16.     In or about 1981, Liquid Liquid composed the musical works "GroupMeGroup," "New Walk," "Lub Dupe," "Bell Head," "RubberMiro," "Lock Groove (In)," "Lock Groove (Out)," "Push," "Zero Leg," and "Eyes Sharp."

17.     In or about 1982, Liquid Liquid composed the musical works "Optimo," "Cavern," "Scraper," and "Out."

18.     Liquid Liquid's Protected Works consist of music, lyrics, and arrangements including the use, editing, and selection of sound recordings.  The musical and lyrical compositions, together with the arrangements, selections and editing of sound recordings are wholly original to Liquid Liquid.  Liquid Liquid's work is copyrightable subject matter under the laws of the United States.

19.     Liquid Liquid registered the Protected Works with the United States Copyright Office and was granted copyrights on August 10, 2015, August 17, 2015, and September 03, 2015, respectively.

20.     In or around both 1981 and1982, Liquid Liquid recorded the Protected Works, which were embodied as tracks on the EPs, *Liquid Liquid*, *Successive Reflexes*, and *Optimo*.  The EPs were released and distributed by 99 Records.

21.     Cavern was re-released in 1997 by Grand Royal as a track on Liquid Liquid's self-titled album and distributed via regular distribution channels.

22.     In or around 2004, Stiletto acquired Grand Royal's rights in the Master License through Grand Royal's bankruptcy proceeding.

23.     On August 31, 2006, Liquid Liquid sent correspondence to Stiletto[1] putting it on notice that the Master License had been materially breached prior to the bankruptcy proceedings.

24.     Thereafter, Liquid Liquid continued to give notice to Stiletto on several occasions of Stiletto's materials breaches of the Master License, including its failures to provide accounting statements and/or pay royalties.

25.     Under Paragraph 1 of the Master License, Grand Royal only acquired the limited right in North America to "manufacture (in any format) records ('Records') embodying all or any of the master recordings (the 'Masters')" listed on an exhibit.

26.     All other rights under the Agreement were reserved by Liquid Liquid, including but not limited to, the right to issue synchronization licenses permitting the use of the Masters in third party motion pictures, trailers, television programs, and advertisements.

---

[1] In 2006, Stiletto was apparently exploiting the Protected Works through an entity known as GR2 Records and the correspondence was addressed accordingly.

27.     In or around 2014, Defendant licensed "Cavern" to Universal Studios and other third parties to make unauthorized use of "Cavern" in the motion picture Chef as well as for the promotional trailer for the film.  A Chef soundtrack was also released and included "Cavern."

28.     Stiletto licensed "Cavern" for use in Chef without securing the necessary licenses, permissions, consents, and authority of Liquid Liquid.  Among others, Stiletto did not have the right to issue a synchronization license under the Master License, nor did it have the right to issue a license for use of the master recordings outside of the United States and Canada.  Chef earned substantial revenues outside of the United States and Canada.

29.     In or around 2015, Stiletto also licensed some or all of the Protected Works to Superior Viaduct, which re-issued Liquid Liquid's first three EP albums on vinyl.

30.     Upon information and belief, Stiletto's conduct was undertaken purposefully, willfully, knowingly, maliciously, and without regard to the inevitable damage certain to result to Liquid Liquid.

31.     Section 3(a) of the Master License also requires that accounting statements be provided semi-annually prior to July 1st and January 1st of each year, together with payment of accrued royalties.

32.     Stiletto has been reproducing, distributing and performing Liquid Liquid's sound recordings, including the Protected Works, via CD sales and digital distribution over the Internet via a number of digital music retailers and music services, including, but not limited to iTunes, Amazon.com, and Spotify, resulting in revenue for Stiletto since its acquisition of Grand Royal's assets.

33.     Stiletto failed to provide any accounting statements from in or around June 2008 until mid-2015 when two perfunctory spreadsheets were submitted following repeated requests from Liquid Liquid.

34.     The spreadsheets provided by Stiletto identified accrued royalties of $1,916.90 for CD sales from July 2008 through January 2015, and digital royalties of $2,160.76 for the period between June 2008 through December 2014.

35.     Stiletto failed to pay any royalties to Liquid Liquid between 2008 and 2015.

36.     On December 21, 2015, Liquid Liquid sent Stiletto a letter rescinding the Master License based on Stiletto's willful and material breach of the agreement.

37.     On December 22, 2015, Stiletto mailed a check to Liquid Liquid tendering $4,066.66 for "Physical & Digital Royalties 2008-2014 Liquid Liquid."

38.     On January 7, 2016, Liquid Liquid returned Stiletto's check and reaffirmed its rescission of the Master License.

39.     Stiletto has also failed to provide Liquid Liquid with any accounting statements for the accounting periods ending in March 31, 2015, September 30, 2015, for the entirety of 2016, and what has transpired of 2017.

40.     Stiletto's conduct has damaged Liquid Liquid economically and otherwise, including but not limited to loss of royalty revenue and a diminution of the market for licenses in Liquid Liquid's Works.

## COUNT I - COPYRIGHT INFRINGEMENT

41.     Liquid Liquid repeats and re-alleges the allegations of paragraphs 1 through 40 as if fully set forth herein.

42.     Liquid Liquid is the copyright owner of the musical work titled "Cavern," which is properly registered with the United States Copyright Office.

43.     By issuing a synchronization license for the musical work "Cavern" to be used in connection to the motion picture Chef, Stiletto has licensed "Cavern" without Liquid Liquid's permission or authorization.

44.     Upon information and belief, Stiletto has received and continues to receive payment from other third parties in exchange for Stiletto's purported permission to use the Protected Works, including but not limited to "Cavern," and other copyrighted Liquid Liquid recordings, in violation of the Copyright Act.

45.     Stiletto's conduct constituted, and continues to constitute, infringement upon Liquid Liquid's exclusive rights to issue synchronization licenses permitting use of the Protected Works in third party motion pictures, trailers, and television programs, among others, all in violation of 17 U.S.C. §§ 106 and 501.

46.     By Stiletto's issuance of the synchronization license for "Cavern" Stiletto knowingly and willfully infringed, authorized others to infringe, and will continue to infringe Stiletto's copyright in the musical work "Cavern."

47.     Stiletto obtained a direct financial interest, financial advantage, and/or economic consideration from the infringement.

48.     As a result of Stiletto's infringement, Liquid Liquid was damaged in an amount to be determined at trial.

49.     As a result of Stiletto's infringement, Liquid Liquid has been irreparably harmed and, absent a permanent injunction restraining and enjoining Stiletto's actions, such irreparable harm will continue.

50.     As a result of Stiletto's infringement, Liquid Liquid is entitled to damages, including but not limited to actual and/or statutory damages plus Stiletto's profits from infringement to be determined at trial, and costs and attorneys' fees.

## COUNT II – BREACH OF CONTRACT

51.     Liquid Liquid repeats and re-alleges the allegations of paragraphs 1 through 50 as if fully set forth herein.

52.     The Master License was a valid and binding contract between Grand Royal and Liquid Liquid.

53.     Stiletto, as a successor in interest to Grand Royal, had the limited right to reproduce and manufacture records and distribute Liquid Liquid's music, but not to grant synchronization licenses.

54.     Stiletto's rights in the Master License were also limited geographically to the United States and Canada, but Stiletto purported to grant licenses that went beyond that scope.  For example, Stiletto granted a synchronization license to Universal to use "Cavern" in Australia, England, and other foreign countries.

55.     Under the Agreement, Stiletto also had the duty to provide Liquid Liquid with accounting statements semi-annually together with a payment for the accrued royalties in connection to the reproduction, manufacturing, and distribution of Liquid Liquid's music.

56.     Stiletto repeatedly failed to provide Liquid Liquid with both accounting statements and with royalty payments.

57.     Stiletto has failed to make royalty payments to Liquid Liquid for extended periods of time, including for periods of several years.  Despite being on notice of material breaches of the Master License, Stiletto has failed to cure such breaches.

58.     Stiletto's acts have been willful, intentional, and purposeful, in disregard of and indifference to Liquid Liquid's rights under the Master License and constitute a material breach thereof, which have defeated the purpose of the Master License.

59.     The material breach entitles Liquid Liquid to rescind the Master License because an extended failure to pay royalties and purporting to license the Protected Works outside of the rights granted in the Master License defeats the purpose of the agreement.

60.     Further, Liquid Liquid rescinded the Master License in 2015 through its December 21, 2015 letter to Stiletto.

61.     Liquid Liquid is entitled to damages in an amount to be determined at trial and/or an injunction and/or a judgment that the Master License is rescinded.

### COUNT III – INDIRECT COPYRIGHT INFRINGEMENT

62.     Liquid Liquid repeats and re-alleges the allegations of paragraphs 1 through 61 as if fully set forth herein.

63.     Stiletto, without authorization, individually and in concert with other persons and entities, encouraged, induced, and/or materially contributed to, the infringement of Liquid Liquid's copyright in the Protected Works in that: (a) Stiletto distributed, copied, publicly performed, made derivative works of, and/or exploited the Protected Works in the United States and abroad, and (b) Stiletto provided agreements for distribution, copying, public performance of, and/or making of derivative work of the Protected Works in the United States and abroad.

64.     Stiletto distributed the Protected Works via iTunes, Amazon.com, and Spotify to customers and subscribers, who it knew would further reproduce, distribute, adapt, display and/or publicly perform the Protected Works in further infringement of Liquid Liquid's

copyright in the Protected Works.  Stiletto authorized the infringements, had knowledge of such infringing activity, and induced, caused, or material contributed to such activity.

65.     Stiletto, with knowledge of direct infringing activity by either Universal, iTunes, Amazon.com, Spotify and/or other third-parties, induced, caused, and/or materially contributed to those parties' infringing activities by purporting to license rights to reproduce, distribute, publicly display, synchronize and/or create derivative works of the Protected Works. At all relevant times, Stiletto had knowledge of the infringement because it was aware that the terms of the Master License did not include the right to synchronize or the right of distribution outside of the United States and Canada.  Stiletto also had knowledge of the infringement because it was aware that Liquid Liquid rescinded the Master License in 2015 and any purported license granted by Stiletto after that date is invalid.

66.     Stiletto's acts complained of herein constitute contributory copyright infringement of Liquid Liquid's copyright in the Protected Works.

67.     Stiletto also had direct control or supervisory authority over the direct infringements described above, e.g., by approving whether all or a portion of the Protected Works would appear in a derivative work, and a direct financial interest in the infringing activity through its license payment.  Thus, Stiletto has vicariously infringed Liquid Liquid's copyright in the Protected Works.

68.     Stiletto's acts of infringement have been willful, intentional, purposeful, in disregard of and indifference to Liquid Liquid's rights.

69.     As a direct and proximate result of Stiletto's infringement, Liquid Liquid is entitled to actual damages plus Stiletto's profits from infringement, as will be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Liquid Liquid demands a judgment from this Court:

a)      That Stiletto Entertainment be held to have infringed Liquid Liquid's copyrights.

b)      That Stiletto be held to have willfully infringed Liquid Liquid's copyrights.

c)      That Stiletto be restrained and enjoined from infringing Liquid Liquid's copyrights in any manner, including but not limited to issuing synchronization licenses permitting the use of Liquid Liquid's master recordings in third party motion pictures, trailers, television programs, and advertisements.

d)      That Stiletto be held to have materially breached its duty under the Agreement.

e)      That Stiletto provide all of the accounting statements they have failed to disclose to Liquid Liquid.

f)      That Liquid Liquid rescinded the Master License effective December 21, 2015, and revoked any and all rights that Stiletto had thereunder.

g)      That Stiletto be ordered to pay Liquid Liquid monetary damages and any additional profits of Stiletto attributable to Stiletto's infringement.

h)      That Stiletto be ordered to pay pre-judgment interest, costs and attorneys' fees.

i)      That Liquid Liquid be awarded such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Liquid Liquid hereby demands trial by jury on all issues that may be tried thereby.

Dated:  August 15, 2017                    By: /s/ Peter Scoolidge_____
                                           Peter J. Scoolidge
                                           SCOOLIDGE KLEIMAN LLP
                                           315 W. 36th Street
                                           New York, NY 10018
                                           (212) 913-9455
                                           peter@scoolidgellp.com

                                           *Attorneys for Plaintiff*

# Exhibit 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## SR 778-661

**Effective Date of Registration:**
August 10, 2015

---

## Title

|  |  |
|---|---|
| **Title of Work:** | Liquid Liquid |
| **Content Title:** | GroupMeGroup |
| | New Walk |
| | Lub Dupe |
| | Bell Head |
| | RubberMiro |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 1981 |
| **Date of 1st Publication:** | May 15, 1981 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| **Author:** | Scott Hartley |
| **Author Created:** | sound recording, words and music |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

| | |
|---|---|
| **Author:** | Richard McGuire |
| **Author Created:** | sound recording, words and music |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

| | |
|---|---|
| **Author:** | Salvatore Principato |
| **Author Created:** | sound recording, words and music |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

| | |
|---|---|
| **Author:** | Dennis Young |
| **Author Created:** | sound recording, words and music |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

## Copyright Claimant _____

| | |
|---|---|
| **Copyright Claimant:** | Scott Hartley<br>c/o 45 Carmine Street, #3B, New York, NY 10014 |
| **Copyright Claimant:** | Richard McGuire<br>c/o 45 Carmine Street, #3B, New York, NY 10014 |
| **Copyright Claimant:** | Salvatore Principato<br>c/o 45 Carmine Street, #3B, New York, NY 10014 |
| **Copyright Claimant:** | Dennis Young<br>c/o 45 Carmine Street, #3B, New York, NY 10014 |

## Rights and Permissions _____

| | |
|---|---|
| **Organization Name:** | Liquid Liquid Publishing |
| **Email:** | richard@richard-mcguire.com |
| **Address:** | 45 Carmine Street<br>#3B<br>New York, NY 10014 United States |



## Certification _____

| | |
|---|---|
| **Name:** | Alan Korn |
| **Date:** | July 27, 2015 |

_____

| | |
|---|---|
| **Copyright Office notes:** | Basis for Registration: Collective work |

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## SR 771-878

**Effective Date of Registration:**
September 03, 2015

## Title

**Title of Work:** "Successive Reflexes"

**Content Title:** Lock Groove (In)

Lock Groove (Out)

Push

Zero Leg

Eyes Sharp

## Completion/Publication

**Year of Completion:** 1981
**Date of 1st Publication:** December 15, 1981
**Nation of 1st Publication:** United States

## Author

**Author:** Scott Hartley
**Author Created:** sound recording, words and music
**Work made for hire:** No
**Citizen of:** United States

**Author:** Richard McGuire
**Author Created:** sound recording, words and music
**Work made for hire:** No
**Citizen of:** United States

**Author:** Sal Principato
**Author Created:** sound recording, words and music
**Work made for hire:** No
**Citizen of:** United States

**Author:** Dennis Young
**Author Created:** sound recording, words and music
**Work made for hire:** No
**Citizen of:** United States

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Scott Hartley<br>c/o 45 Carmine Street, #3B, New York, NY, 10014, United States |
| **Copyright Claimant:** | Richard McGuire<br>c/o 45 Carmine Street, #3B, New York, NY, 10014, United States |
| **Copyright Claimant:** | Salvatore Principato<br>c/o 45 Carmine Street, #3B, New York, NY, 10014, United States |
| **Copyright Claimant:** | Dennis Young<br>c/o 45 Carmine Street, #3B, New York, NY, 10014, United States |

## Rights and Permissions

**Organization Name:** Liquid Liquid Publishing
**Email:** richard@richard-mcguire.com
**Address:** 45 Carmine Street
#3B
New York, NY 10014 United States

## Certification

**Name:** Alan Korn
**Date:** August 24, 2015

**Correspondence:** Yes
**Copyright Office notes:** Basis for Registration: Collective work.

**Registration #:**   SR0000771878
**Service Request #:**   1-2589577878

Law Office of Alan Korn
Alan Korn
1840 Woolsey Street
Berkeley, CA 94703 United States

*0000SR0000771878020 1*

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*[signature]*

Acting United States Register of Copyrights and Director

**Registration Number**

## SR 778-910

**Effective Date of Registration:**
August 17, 2015

## Title

| | |
|---|---|
| **Title of Work:** | "Optimo" |
| **Content Title:** | Optimo |
| | Cavern |
| | Scraper |
| | Out |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 1982 |
| **Date of 1st Publication:** | March 15, 1983 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| **Author:** | Scott Hartley |
| **Author Created:** | sound recording, words and music |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

| | |
|---|---|
| **Author:** | Richard McGuire |
| **Author Created:** | sound recording, words and music |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

| | |
|---|---|
| **Author:** | Sal Principato |
| **Author Created:** | sound recording, words and music |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

| | |
|---|---|
| **Author:** | Dennis Young |
| **Author Created:** | sound recording, words and music |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Scott Hartley<br>c/o 45 Carmine Street, #3B, New York, NY, 10014, United States |
| **Copyright Claimant:** | Richard McGuire<br>c/o 45 Carmine Street, #3B, New York, NY, 10014, United States |
| **Copyright Claimant:** | Sal Principato<br>c/o 45 Carmine Street, #3B, New York, NY, 10014, United States |
| **Copyright Claimant:** | Dennis Young<br>c/o 45 Carmine Street, #3B, New York, NY, 10014, United States |

## Limitation of copyright claim

**Previously registered:** No

## Rights and Permissions

**Organization Name:** Liquid Liquid Publishing
**Email:** richard@richard-mcguire.com
**Address:** 45 Carmine Street
#3B
New York, NY 10014 United States

## Certification

**Name:** Alan Korn
**Date:** July 27, 2015

**Correspondence:** Yes

**Registration #:**   SR0000778910
**Service Request #:**   1-2589316241

Law Office of Alan Korn
Alan Korn
1840 Woolsey Street
Berkeley, CA 94703 United States

